**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**VS.** **CRIMINAL ACTION NO: 3:24-CR-108-BJB-3**

**HAIDER LAZEM** **DEFENDANT**

**MOTION TO SEVER**
(*Filed Electronically*)

Comes the Defendant, Haider Lazem, by counsel, and hereby moves this honorable Court, pursuant to Federal Criminal Rule 14, to sever the trial of Defendant Lazem from Defendants Al-Dulaimi, Abdullah Alsajee and Hasan Wasak on the following grounds.

There is absolutely no evidence that supports Defendant Lazem's involvement in Defendant Al-Dulani's purchase, possession or transportation of any firearms or trailer as the US Attorney alleges. In the discovery produced by the US Attorney's office, there was zero evidence that Defendant Lazem was involved in the possession of any weapons allegedly sold by Defendant Al-Lazem to Defendant Al-Dulani. The statement from Defendant Lazem did not include any facts or admissions that he sold or had any involvement with the sale of weapons to Defendant Al-Dulani. There is no evidence in the discovery from the US Attorney that indicates that Mr. Lazem had any involvement with the trailer that Defendant Al-Dulani was charged with. As a matter of fact, the US attorney discussed claim that Mr. Lazem was involved in other criminal activity but none of those facts are presented in evidence in this case and has nothing to do with the current indictment. See Statement of Mr. Lazem attached hereto and designated **Exhibit 1.**

The firearms allegedly purchased by Defendant Lazem are not alleged to be in the

Container destined for Baghdad, Iraq, that is the subject of this criminal case. The Government made no allegations towards Mr. Lazem regarding the vehicle and container of guns. Mr. Lazem should not be a part of this criminal trial as the evidence against him has nothing to do with the allegations regarding the other Defendants. There is no evidence that Mr. Lazem conspired with any other Defendant in this action to purchase firearms to transport in a motor vehicle, in a shipping container, and sent to Iraq. See Indictment attached hereto and designated **Exhibit 2.**

To prove a conspiracy under § 371, the government must generally prove: (1) an agreement to violate the law or defraud the United States; (2) the defendant's knowledge of the conspiracy's objective; (3) the defendant's knowing and voluntary participation; (4) an overt act in furtherance of the conspiracy; and (5) interdependence among co-conspirators. *United States v. Henderson*, (E.D. Tenn. 2022).

In *United States v. Driver*, 535 F.3d 424 (6th Cir. 2008) the Sixth Circuit affirmed Driver's conviction for drug conspiracy, rejecting his argument that the district court erred in denying his motion to sever his trial from that of his co-defendants. The court reiterated the principle that jointly indicted defendants should generally be tried together. Severance is warranted only when there is a serious risk that a joint trial would compromise a specific trial right or prevent the jury from reliably determining guilt or innocence. The court stated that even if prejudice exists, there are less drastic measures that can be taken and still be sufficient. A defendant must demonstrate "compelling, specific, and actual prejudice" from the denial of severance.

In the case at bar, there is a substantial risk of compromise and unfair prejudice as there is no evidence provided by the Government to indicate the involvement of Defendant Lazem with

Defendant Dulani's alleged criminal activities. Failure to separate the two Defendant's will undoubtably result in the confusion of the jury.

In *U.S. v. Breinig*, 70 F.3d 850 (6th Cir. 1995), the Sixth Circuit reversed Norbert Breinig's conviction and remanded for further proceedings because the denial of severance denied him due process (850, 854). Breinig and his former wife, Joan Moore, were tried jointly for tax evasion. Moore presented a defense of diminished capacity, introducing evidence of Breinig's negative character traits, including adultery, mental abuse, and manipulation, which was admissible only to support her defense. This evidence, though inadmissible against Breinig, prejudiced him, especially since his credibility was a key issue. The court found that the prejudice Breinig suffered was compelling and unfair, making this one of the few instances where a conviction is reversed for denial of severance under Rule 14. Rule 14 permits severance if joinder prejudices a defendant or the government. Mutually antagonistic defenses are not prejudicial per se, and Rule 14 doesn't mandate severance for them. The standard for evaluating severance motions under Rule 8(b) is whether a joint trial seriously risks compromising a defendant's specific trial right or preventing a reliable jury judgment. *Id.*

Severance of Defendant is the only way to prevent the overtly prejudicial evidence tied to the other Defendants from confusing the jury.

## CONCLUSION

For the foregoing reasons, and in the interest of justice, The trial of Defendant Lazem should be severed from the remaining Defendants. There is no evidence provided by the Government that supports that Defendant Lazem was involved in any sort of alleged conspiracy; that he had purchased any firearms or dealing of any firearms; that he stored or possessed them in storage or shipping containers; that he intended or conspired to send them to Iraq by way of

Co-Defendant Al-Dulani. Permitting joinder in this instance will unfairly prejudice Defendant Lazem at trial and to the jury and thus he should be severed from the remaining Defendants.

Respectfully submitted,

*s/ Nader George Shunnarah*
NADER GEORGE SHUNNARAH
Shunnarah Law
916 Lily Creek Road
Suite 201
Louisville, KY 40243
T: (502) 200-9000
F: (844) 927-4560
shunnarahlaw@gmail.com
*Counsel for Defendant,*
*Haider Lazem*

CERTIFICATE OF SERVICE

It is hereby certified that a true and complete copy of the foregoing document was served electronically and by e-mail on this 27th day of May 2025 upon:

**Alicia P. Gomez**
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
alicia.gomez@usdoj.gov

**Scott C. Cox**
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
Fax: 502-584-1744
Email: CoxECF@aol.com

**Michael R. Mazzoli**
Cox & Mazzoli, PLLC
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
Fax: 502-736-3184
Email: MazzoliECF@coxandmazzoli.com

**Gregory W. Butrum**
Gregory Ward Butrum, PLLC
101 N. Seventh Street
Louisville, KY 40202
502-584-0004
Fax: 502-582-1349
Email: gregorybutrum@gmail.com

**Aaron M. Dyke**
Western Kentucky Federal Community Defender, Inc.
629 Fourth Avenue, Suite 200
Louisville, KY 40202
502-584-0525
Fax: 502-524-2808
Email: aaron_dyke@fd.org
*Designation: Public Defender or Community Defender Appointment*

*s/ Nader George Shunnarah*
NADER GEORGE SHUNNARAH